# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 10-0060-CV-W-FJG |
| REAL WEALTH, INC., and | ) |
| LANCE MURKIN, | ) |
| | ) |
| Defendants. | ) |

**TEMPORARY RESTRAINING ORDER AGAINST DEFENDANTS REAL WEALTH, INC. AND LANCE MURKIN AND ORDER FOR ALL DEFENDANTS TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

Plaintiff, Federal Trade Commission ("FTC"), has filed a Complaint seeking a permanent injunction and other relief, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and a motion for a temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

On January 25, 2010, at 11:00 a.m. the Court held a teleconference with counsel for both parties with regard to Plaintiff's motion for a temporary restraining order ("Order") (Doc. No. 3). Lisa Schifferle, Kathleen Benway and Charles Thomas represented the Plaintiff, and Thayer Lindauer represented both defendants. The parties reached a consensus on the Order, with Defendants' counsel consenting to all terms except that he wanted the Court to order Defendant Murkin's living expenses and attorney fees in preparation for the preliminary injunction hearing, and possibly for the remainder of the litigation. This Court has considered the Complaint, exhibits,

1

memoranda, declarations, and other submissions of the parties, and finds that:

1. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction over all the parties hereto.

2. Venue in the Western District of Missouri is proper under 15 U.S.C. § 53(b) and 28 U.S.C. § 1391(b) and (c).

3. There is good cause to believe that Real Wealth, Inc., and Lance Murkin (hereinafter referred to as "Defendants") have engaged, and are likely to continue to engage, in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45, and that the FTC is, therefore, likely to prevail on the merits of this action.

4. The evidence set forth in the Commission's Suggestions in Support of Its Motion for Temporary Restraining Order ("TRO Suggestions"), and the accompanying declarations and exhibits, demonstrates that the Commission is likely to prevail on its claim that Defendants have engaged in deceptive acts or practices in violation of Section 5(a) of the FTC Act by making deceptive representations in connection with their marketing of work-at-home and grant schemes.

5. There is a reasonable likelihood that Defendants will violate Section 5 of the FTC Act, 15 U.S.C. § 45, in the future unless Defendants are restrained and enjoined by order of this Court.

6. There is good cause for the Court to order an asset freeze against the Defendants. Based on the evidence set forth in the TRO Suggestions, the Commission is likely to be able to prove that Defendants have generated significant revenues from engaging in activity that violates Section 5(a) of the FTC Act, including: (1) making false and unsubstantiated claims that purchasers of their work-at-home schemes are likely to earn substantial income; (2) misrepresenting that their work-at-home schemes consist of

2

simply mailing items; and, (3) making false and unsubstantiated claims that purchasers of their grant schemes are likely to receive substantial amounts of money from the government or other sources listed in their guides.  An asset freeze as to the Defendants is necessary in order to preserve the possibility of complete and meaningful relief in the form of consumer redress and/or disgorgement at the conclusion of this litigation.

7. Weighing the equities and considering the Commission's likelihood of ultimate success, a temporary restraining order requiring an immediate freeze as to all of the Defendants' assets and an accounting of assets, preserving and producing business records and computers, and providing other equitable relief is in the public interest.

8. Federal Rule of Civil Procedure 65(c) does not require security of the United States or an officer or agency thereof for the issuance of a restraining order.

## **DEFINITIONS**

1. **"Asset"** means any legal or equitable interest in, right to, or claim to, any real and personal property, including, but not limited to chattel, goods, instruments, equipment, fixtures, general intangibles, inventory, checks, notes, leaseholds, effects, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and cash, wherever located, whether in the United States or abroad.

2. **"Corporate Defendant"** means Real Wealth, Inc., and any affiliates, fictitious names, d/b/a's (American Financial Publications, Emerald Press, Financial Research, National Mail Order Press, Pacific Press, United Financial Publications, Wealth Research Marketing Group, and Wealth Research Publications), subsidiaries, successors, or assigns of the aforementioned entities.

3. **"Defendants"** means, individually, collectively or in any combination: a) the

Corporate Defendant; and b) the Individual Defendant.

4. **"Document"** is synonymous in meaning and equal in scope to the usage of the term in Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

5. **"Individual Defendant"** means Lance Murkin.

6. **"Material"** means likely to affect a person's choice of, or conduct regarding, goods and services.

7. **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

8. **"Relate to"** means refer to, concern, regard, reflect, discuss, constitute, mention, pertain to, allude to or associate with. "Relating to" means referring to, concerning, regarding, reflecting, discussing, constituting, mentioning, pertaining to, alluding to or associated with.

9. **"Representatives"** means officers, agents, servants, employees and attorneys and those in active concert or participation with Defendants who receive actual notice of this order by personal service or otherwise.

## ORDER

### I. PROHIBITED REPRESENTATIONS

**IT IS THEREFORE ORDERED** that: in connection with the advertising, marketing, promotion, offering for sale, or sale of any product or service, Defendants and their

Representatives, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are **hereby temporarily restrained and enjoined** from:

A. Making, in any manner, expressly or by implication, any false or unsubstantiated representation regarding: (1) the amount of money that consumers may earn working from home; (2) the amount of money that consumers may obtain from any source; and (3) the existence and availability of grants, loans, or government benefits to individual consumers.

B. Falsely representing, expressly or by implication, the work and investment involved in any income-generating opportunity, including but not limited to misrepresentations that: (1) consumers will be paid for simply mailing items; (2) consumers will not pay for supplies, postage, or marketing costs; (3) consumers will not engage in sales; and (4) consumers will not be asked to mail anything objectionable.

## II.  ASSET FREEZE

**IT IS FURTHER ORDERED** that the Defendants and their Representatives are hereby temporarily restrained and enjoined, until further order of this Court, from:

A. Transferring, encumbering, selling, concealing, pledging, hypothecating, assigning, spending, withdrawing, disbursing, conveying, gifting, dissipating, or otherwise disposing of any funds, property, coins, lists of consumer names, shares of stock, or other Assets, wherever located, that are (1) owned or controlled by or held for the benefit of, directly or indirectly, any of the Defendants, in whole or in part; (2) owned or controlled by or in the actual or constructive possession of any of the Defendants; (3) held by an agent or service provider of any of the Defendants, as a retainer for the agent's provision of services to a Defendant; or (4) owned, controlled by, or in the actual or constructive possession of, or otherwise held for the benefit of, any corporation,

partnership, or other entity directly or indirectly owned or controlled by any of the Defendants, including, but not limited to, any Assets held by, for, or subject to access by, Defendants, at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind;

B.     Opening or causing to be opened any safe deposit boxes titled in the name of any of the Defendants, or subject to access by any of the Defendants;

C.     Obtaining a personal or secured loan encumbering the Assets of Defendants;

D.     Incurring charges or cash advances on any credit or debit card issued in the name, singly or jointly, of the Corporate Defendants, or any corporation, partnership, or other entity directly or indirectly owned or controlled by any of the Defendants;

E.      Incurring liens or other encumbrances on real property, personal property, or other Assets titled in the name, individually or jointly, of Defendants or of any corporation, partnership or other entity directly or indirectly owned, managed or controlled by Defendants;

F.     Failing to disclose to the FTC, upon service of this Order, information that fully identifies each Asset of the Defendants, and each entity holding such Asset, including, without limitation, the entity's name, address, and telephone number, the number of the account, and the name under which the account is held.

*Provided however*, the freeze imposed in this Section shall apply to: (1) Assets existing at the time of entry of this Order; and (2) any Assets any Defendant acquires following service of this Order only if such after-acquired Assets are derived from activity prohibited by this Order.

## III.  FINANCIAL STATEMENTS

**IT IS FURTHER ORDERED** that **within forty-eight (48) hours** after service of this Order:

A.  The Individual Defendant shall complete and deliver to the FTC the Financial Statement captioned "Financial Statement of Individual Defendant." **Attachment A** (Doc. No. 3-2)[1];

B.  The Corporate Defendant shall complete and deliver to the FTC the Financial Statement captioned "Financial Statement of Corporate Defendant." **Attachment B** (Doc. No. 3-3). The Individual Defendant shall be jointly and severally liable for this obligation; and

C.  Defendants shall provide the FTC access to records and documents pertaining to Assets of any of the Defendants that are held by financial institutions outside the territory of the United States by signing the "Consent to Release of Financial Records." **Attachment C** (Doc. No. 3-4).

### IV. RETENTION OF RECORDS BY FINANCIAL INSTITUTIONS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that any financial or brokerage institution, any business entity, or any other person having possession, custody, or control of any records of any of the Defendants, or of any account, safe deposit box, or other Asset titled in the name of any of the Defendants, either individually or jointly or held for the benefit of any of the Defendants, or which has maintained any such account, safe deposit box, or other Asset at any time since January 1, 2004, shall:

A.  Hold and retain within its control and prohibit the transfer, encumbrance, pledge,

---

[1] Please refer to exhibits to Document Number 3 on ECF, Plaintiff's Motion for Temporary Restraining Order, for copies of all necessary attachments.

assignment, removal, withdrawal, disbursement, dissipation, sale, conversion or other disposal of any such account or other Asset, except for transfers or withdrawals authorized by further order of this Court;

B. Deny all persons access to any safe deposit box titled individually or jointly in the name of, or otherwise subject to access by, any of the Defendants;

C. Provide to the FTC, within **seven (7) business days** of notice of this Order, a sworn statement setting forth:

    1. the identification of each account or Asset titled in the name, individually or jointly, of any Defendant, or held on behalf of, or for the benefit of, any Defendant;

    2. the balance of each account or a description of the nature and value of each Asset as of the close of business on the day notification of this Order is received, and, if the account or Asset has been closed or moved, the balance or value removed, the date on which was removed, and the person or entity to whom it was transferred; and

    3. the identification of any safe deposit box titled in the name of, individually or jointly, or subject to access by any of the Defendants;

D. Upon request by counsel for the FTC, promptly provide the FTC with copies of all records or other documentation pertaining to such account or Asset, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## V. REPATRIATION OF ASSETS

**IT IS FURTHER ORDERED** that Defendants and their Representatives shall:

A. Within **five (5) business days** following service of this Order repatriate to the

United States all funds, Documents, or Assets in foreign countries held either:

    (1) by Defendants;

    (2) held on Defendants' behalf, or for Defendants' benefit, directly or indirectly, or individually or jointly; or

    (3) under Defendants' direct or indirect control, individually or jointly;

B.    Hold and retain all repatriated funds, Documents, and Assets and prevent any transfer, disposition, or dissipation whatsoever of any such Assets or funds;

C.    Within **five (5) business days** of any repatriation under subparagraph A above,

    (1) notify the FTC of the name and location of the financial institution or other entity that is the recipient of such funds, Documents, or Assets; and

    (2) serve this Order on any such financial institution or other entity;

D.    Provide the FTC with a full accounting of all funds, Documents, and Assets outside of the territory of the United States held either: (1) by Defendants; (2) for Defendants' benefit; or (3) under Defendants' direct or indirect control, individually or jointly; and

E.    Provide Plaintiff access to Defendants' records, Documents, and Assets held by financial institutions outside the territorial United States, by signing the "Consent to Release of Financial Records." **Attachment C** (Doc. No. 3-4).

### VI. NONINTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants and their Representatives are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by Paragraph V of this Order, including, but not limited to:

A.    Sending any statement, letter, fax, email or wire transmission, or telephoning or

engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Assets have been fully repatriated pursuant to Paragraph V of this Order;

B.    Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Assets have been fully repatriated pursuant to Paragraph V of this Order.

## VII.  CONSUMER REPORTS

**IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish a consumer report concerning any Defendant to the FTC.

## VIII.  ACCESS TO BUSINESS RECORDS

**IT IS FURTHER ORDERED** that Defendants shall, within **five (5) business days** of service of this Order, produce to Plaintiff at a mutually agreeable location, for inventory and copying: (1) solicitations; (2) consumer identification or financial information obtained through or as a result of solicitations; (3) all documents that purchasers receive when they respond to Defendants' solicitations; (4) computers, computerized files, storage media (including, but not limited to, hard drives, DVDs, CD-ROMS, zip disks, floppy disks, punch cards, magnetic tape, backup tapes, and computer chips) on which information has been saved and all equipment needed to read any such material; (5) accounting information, including, but not limited to profit and loss statements, annual reports, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business

or personal income or property tax returns, and 1099 forms since 2004; (6) all correspondence with consumers including but not limited to consumer complaints; and (7) other documents or records of any kind that relate to any Corporate Defendant's or Individual Defendant's business practices.  The Commission shall return produced materials pursuant to this Paragraph <u>within thirty (30) days of receipt</u>.

**IT IS FURTHER ORDERED** that, to the extent they have possession, custody, or control of Documents described above, Defendants shall produce the Documents as they are kept in the usual course of business.  Defendants, to the extent they have possession, custody, or control of computer equipment or electronically-stored information described above, shall provide Plaintiff with any necessary means of access to the computer equipment or electronically-stored information, including, but not limited to, computer access codes and passwords.

**IT IS FURTHER ORDERED** that, Defendants shall, within **forty-eight (48) hours** of service of this Order, complete and serve on counsel for the FTC the "FTC's Electronically Stored Information Statement." **Attachment D** (Doc. No. 3-5)

### IX.  PRESERVATION OF RECORDS AND TANGIBLE THINGS

**IT IS ORDERED** that Defendants and their Representatives are hereby enjoined from:

 A.    Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents or records that relate to the business practices, or business or personal finances, of Defendants, or other entity directly or indirectly under the control of Defendants, including but not limited to: any and all computer data and storage media (including, but not limited to, hard drives, DVDs, CD-ROMS, zip disks, floppy disks, punch cards, magnetic tape, backup tapes, and

computer chips) and other documents or records of any kind that relate to the business practices or business or personal finances of the Corporate Defendants or Individual Defendants;

B.  Failing to create and maintain books, records, and accounts which, in reasonable detail, accurately, fairly, and completely reflect the incomes, Assets, disbursements, transactions and use of monies by any Defendant or other entity directly or indirectly under the control of any Defendants.

## X.  DUTY TO DISTRIBUTE ORDER

**IT IS FURTHER ORDERED** that within **three (3) business days** following this Order, Defendants shall provide a copy of this Order to each of their affiliates, subsidiaries, divisions, sales entities, successors, assigns, officers, directors, employees, independent contractors, client companies, agents, attorneys, spouses and representatives.  Within **five (5) business** days following this Order, Defendants shall provide the FTC with an affidavit identifying the names, titles, addresses, and telephone numbers of the persons and entities that Defendants have served with a copy of this Order in compliance with this provision.  Furthermore, Defendants shall not take any action that would encourage officers, agents, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or to believe that they are not bound by its provisions.

## XI.  MONITORING

**IT IS FURTHER ORDERED** that agents or representatives of the FTC may contact Defendants or Defendants' agents or representatives directly and anonymously for the purpose of monitoring compliance with Section I of this Order.

## XII. PROHIBITION ON RELEASE OF CUSTOMER INFORMATION OR CUSTOMER LISTS

**IT IS FURTHER ORDERED** that Defendants and their Representatives are hereby temporarily restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any person who paid money to any of the Defendants at any time prior to the entry of this Order, in connection with the advertising, promotion, offering for sale or sale of any product or service in or affecting commerce; *provided* that Defendants may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

## XIII. NOTIFICATION OF BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that the Individual Defendant is hereby temporarily restrained and enjoined from directly or indirectly creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first serving on counsel for the Commission a written statement disclosing the following: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers and employees; and (4) a detailed description of the business entity's intended or actual activities.

## XIV. SERVICE ON FINANCIAL INSTITUTIONS, ENTITIES OR PERSONS

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, email, and overnight delivery service, upon any financial institution or other entity or person that may have possession, custody or control

of any Documents or Assets of Defendants, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

## XV.  LIMITED EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that, notwithstanding the provisions of Federal Rules of Civil Procedure 26(d) and (f) and 30(a)(2)(c), and pursuant to Federal Rules of Civil Procedure 30(a), 34, and 45, the FTC is granted leave, at any time after service of this Order, to:

 A. Take the deposition, on **five (5) business days'** notice, of any person, whether or not a party, for the purpose of discovering the nature, location, status, and extent of Assets of the defendants, or of their affiliates or subsidiaries; the nature and location of documents reflecting the business transactions of these defendants, or their affiliates or subsidiaries; and the applicability of any evidentiary privileges to this action. Any such depositions taken pursuant to this Section shall not be counted toward the ten-deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A). Service of discovery upon a party, taken pursuant to this Section, shall be sufficient if made by facsimile or by overnight delivery; and

 B. Demand the production of Documents, on **five business (5) days'** notice, from any person, whether or not a party, relating to the nature, status, or extent of Defendants' Assets, or of their affiliates or subsidiaries; the location of Documents reflecting the business transactions of Defendants, or of their affiliates or subsidiaries; and the applicability of any evidentiary privileges to this action, provided that **forty eight (48) hours'** notice shall be deemed sufficient for the production of any such Documents that are maintained or stored only as electronic data.

## XVI. GENERAL SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile transmission, personal or overnight delivery, or U.S. Express Mail, by agents and employees of the FTC or any state or federal law enforcement agency or by private process server, on Defendants or any other person or entity that may be subject to any provision of this Order.

## XVII. CORRESPONDENCE WITH PLAINTIFF

**IT IS FURTHER ORDERED** that for the purposes of this Order, all service on and correspondence to the FTC shall be sent via U.S. Express Mail or Federal Express and be addressed to: Lisa W. Schifferle, Federal Trade Commission, 600 Pennsylvania Avenue, NW, Room H-288, Washington, DC 20580; Telephone: (202) 326-3377; Facsimile: (202) 326-3395.

## XVIII. PRELIMINARY INJUNCTION HEARING

**IT IS FURTHER ORDERED**, pursuant to Fed. R. Civ. P. 65(b) that Defendants shall appear on the **10th** day of **March** 2010, at **1:00 p.m.** at the United States Charles Whittaker Courthouse, Courtroom **7C**, 400 East 9th Street, Kansas City, Missouri, to show cause, if any there be, why this Court should not enter a preliminary injunction, pending final ruling on the Complaint, against Defendants enjoining them from further violations of the FTC Act and imposing such additional relief as may be appropriate.

## XIX. SERVICE OF PLEADINGS, EVIDENCE & WITNESS LISTS

**IT IS FURTHER ORDERED** that:

A. Defendants shall file any answering affidavits, pleadings, or legal memoranda with the Court and serve the same on counsel for the FTC on **WEDNESDAY, FEBRUARY**

**24, 2010**;

B.	Plaintiffs shall file any responsive affidavits, pleadings, or legal memoranda with the Court and serve the same on counsel for Defendants' by **WEDNESDAY, MARCH 3, 2010**;

C.	**WITNESS LISTS**.  Each party shall file a witness list no later than **FEBRUARY 24, 2010**.  The witnesses shall be listed in alphabetical order.

D.	*IN CAMERA* **WITNESS LISTS** shall be filed simultaneously with each parties' witness list and shall include the subject matter that each witness will testify about and the exhibits each witness will identify or use; the length of time needed for direct examination of each witness; and, the order in which you propose to call each witness.  You shall provide an **estimate of the amount of time it will take to cross-examine opposing parties' witnesses** within __five days__ of their disclosure.

E.	**EXHIBIT LISTS**.  Each party shall file an exhibit list no later than **MARCH 3, 2010**.  Each exhibit listed shall be pre-marked and numbered.  If only a portion of an exhibit is to be offered, the portion to be offered shall be specifically identified.  A copy of the exhibit index will be attached to the copy of the exhibit list.

## XX.  LIVING EXPENSES AND ATTORNEY FEES

**IT IS FURTHER ORDERED** that whether Defendant Murkin shall be granted living expenses and attorney fees shall remain under consideration of the Court until it receives the Defendants' Financial Statements described in Section III.  Defendants' shall provide the Financial Statements to the Court within **forty-eight (48) hours** of issuance of this Order.

## XXI.  APPEARANCE OF DEFENSE COUNSEL

**IT IS FURTHER ORDERED** that Mr. Thayer Lindauer, Esq. file a formal Appearance as Counsel upon issuance of this Order, in consideration of his statement to the Court that he will represent both Defendants in this matter.

## XXII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED.**


Date: <u>January 26, 2010</u>　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge