# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 10-0060-CV-W-FJG |
| REAL WEALTH, INC., and | ) |
| LANCE MURKIN, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is defendants' Motion to Set Aside or, in the Alternative, to Modify the Final Judgment and Order Granting Permanent Injunction (Doc. #144) with Suggestions in Support thereof (Doc. #145). Plaintiff has opposed the motion (Doc. #148) and defendants have filed a reply (Doc. #149). Defendants bring their motion pursuant to Rules 59(e) and 60(b)(6) of the Federal Rules of Civil Procedure.

## I. BACKGROUND

The Federal Trade Commission ("FTC") brought this enforcement action against Defendants Lance Murkin ("Murkin") and Real Wealth, Inc. ("Real Wealth") for alleged violations of § 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a). Section 5(a) prohibits unfair or deceptive acts in or affecting commerce. This Court entered a temporary restraining order against Defendants on January 26, 2010 ("TRO") (Doc. #13), which prohibited defendants from making false representations in connection with money-making schemes, froze defendants' assets, and granted the FTC leave to

conduct certain expedited discovery. Defendants agreed to the TRO but moved to modify it to release frozen assets for Murkin's living expenses and for Defendants' attorney fees and defense costs (Doc. #36). The Court denied the motion (Doc. #49). On March 24, 2010, the Court entered a stipulated preliminary injunction against Defendants ("Preliminary Injunction Order") (Doc. #70).

On December 20, 2011, Defendants moved for an order to release certain real and personal property and funds from the asset freeze (Doc. #98). The Court granted the motion in part, allowing assets to be used for the benefit of Murkin's former wife and his children, but denied the release of personal property or funds to pay for Defendants' attorney fees and costs (Doc. #112). In that February 28, 2011 Order, the Court noted that Defendants had failed to adequately document their request for additional funds.

Following summary judgment briefing, the Court entered a Final Judgment and Order for Permanent Injunction (Doc. #142). Defendants now move the Court to set aside the Final Judgment on the ground that they were denied due process of law and equal protection by the Court's February 28 Order. They alternatively move to modify the Final Judgment by striking the provisions of the February 28 Order denying their request to release assets to pay for attorney fees and costs; by establishing a three-year statute of limitations and modifying the damage award accordingly; by removing an annuity policy from the constructive trust provisions of the Final Judgment; and by striking the constructive trust provisions in toto.

## II. STANDARD

Motions under Rule 59(e) serve a limited function, that of "correcting manifest errors of law or fact or to present newly discovered evidence." Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal

2

citation omitted). They cannot be used to introduce new evidence, suggest new legal theories, or raise arguments that the party could have presented before the court entered judgment. United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006). The oft-cited test for a successful Rule 59(e) motion requires the movant to show that 1) the evidence was discovered after trial; 2) the movant exercised due diligence to discover the evidence before the end of trial; 3) the evidence is material and not cumulative or impeaching; and 4) a new trial including the evidence would probably have a different result. Id. This test is of little relevance to the instant motion, where the Defendants' arguments are all matters of law.

Rule 60(b)(6) allows a court to grant relief from judgment in extraordinary circumstances, and relief under the rule is "exceedingly rare." Gaydos v. Guidant Corp. (In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.), 496 F.3d 863, 868 (8th Cir. 2007). The rule is intended to provide relief if a party has been denied a full and fair opportunity to litigate in a way that precluded adequate redress of the party's claim. Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005).

### III. DISCUSSION

Defendants argue that they are entitled to have the judgment set aside under Rule 60(b)(6) because the Court's February 28, 2011 Order (Doc. #115) denied them access to funds for reasonable deposition costs, thus denying them due process of law and equal protection. Alternatively, they argue that the Final Judgment should be modified pursuant to Rule 59(e) in four ways: 1) by striking the injunctive provisions of the judgment because they could not purchase a copy of Defendant Murkin's deposition and thus were unable to effectively respond to Plaintiff's Motion for Summary Judgment; 2) by ruling that a three-year statute of limitations applies and modifying the damage

3

award accordingly; 3) by removing an annuity policy from the constructive trust provision of the Final Judgment; and 4) by striking the constructive trust from the Final Judgment because Defendants did not have the opportunity to argue against it. The Court considers each argument in turn.

### A. Deposition Copy

Defendants ask the Court to revisit their claim, first made in Murkin's December 20, 2010 motion seeking a release of funds from the stipulated freeze order (Doc. #98), that they were in need of money to purchase copies of Murkin's deposition. The Court fully considered and ruled that motion (Doc. #115). Defendants raised the issue again in their opposition to the FTC's summary judgment motion (Doc. #133), arguing that without a copy they were unable to negate the inferences from Murkin's testimony that the FTC was advancing. The only difference in this third raising of the issue is that Defendants now assert that the Court's ruling deprives them of due process, citing Fuentes v. Shevin, 407 U.S. 68 (1972).

Defendants' argument is a new legal theory that they could have advanced before the Court issued the Final Judgment. Thus, it does not merit relief under Rule 59(e). Even if it were a proper argument, the Court would deny it. The holding of Fuentes is that a state may not act to deprive a person of chattels before the person has notice and an opportunity to be heard as to the validity of the taking. 207 U.S. at 96-97. Here, Defendants had full notice and multiple opportunities to be heard, even being afforded additional time after failing to timely respond to the FTC's summary judgment motion. The fact that Defendants did not prevail in their argument does not mean that they were denied the opportunity to be heard. "The right to be heard does not depend upon an advance showing that one will surely prevail at the hearing." Fuentes, 407 U.S.

4

at 87.

## B. Statute of Limitations

Defendants next argue that the Court should apply a three- or four-year statute of limitations to the FTC's claim and modify the Final Judgment so that damages are assessed for only the appropriate number of years. Defendants rely on <u>Agency Holding v. Malley-Duff & Assoc., Inc.</u>, 483 U.S. 143 (1987), to support their assertion that the Court should apply the most closely analogous federal statute of limitations to this case. In a conclusory manner, defendants state that the most analogous federal statute of limitations is one found in the FTC Act, 15 U.S.C. § 57b(d) (three years), or alternatively that of the Rules of Decisions Act, 28 U.S.C. § 1658 (four years).

The FTC argues that no statute of limitations applies to a claim brought under Section 13(b) of the FTC Act. Section 13(b) contains no statute of limitations, 15 U.S.C. § 53(b), and Congress has manifested no intent that any other statute of limitations applies. See <u>United States v. DeQueen & E. R.R. Co.</u>, 271 F.2d 597, 600 (8th Cir. 1959) (noting that it "has always been the rule that statutes of limitation do not apply to the United States in the absence of a clear and manifest congressional intent that they shall apply").

Although Defendants did raise this issue in a motion in limine (Doc. #114) after discovery closed, the case did not go to trial and thus the Court did not rule on the various motions in limine. However, the absence of a ruling on this issue does not make it appropriate for Rule 59(e) or Rule 60(b)(6) relief. The statute of limitations is an affirmative defense to be included in a party's responsive pleading. Fed. R. Civ. P. 8(c). Defendants did not include it in their answer (Doc. #28), and their failure to do so without justification leads this Court to conclude that they have waived the defense.

5

See United States v. Big D Enters., Inc., 184 F.3d 924, 935 (8th Cir. 1999).

Even if Defendants had not waived the statute of limitations defense, they have not presented legal support for either of the limitations periods they propose. With respect to Section 19(d) of the FTC Act, 15 U.S.C. § 57b(d), the Eighth Circuit has rejected the notion that it controls actions brought under Section 13(b). FTC v. Sec. Rare Coin & Bullion Corp., 931 F.2d 1312, 1315 (8th Cir. 1991). As for the four-year statute of limitations found in the Rules of Decisions Act, 28 U.S.C. § 1658, it applies only to "civil action[s] arising under an Act of Congress enacted after the date of the enactment" of Section 1658. 28 U.S.C. § 1658(a). Section 13(b) of the FTC Act was enacted in 1973, Pub. L. No. 93-153, § 408(f), 87 Stat. 576, 592 (1973). By definition, therefore, the four-year statute cannot be applied in this case.

### C. Annuity Policy

Murkin urges the Court to exclude an annuity policy that he purchased in 2002 from the assets subject to the constructive trust contained in the Final Judgment. He alleges that the annuity was fully paid for in 2002, but that 2004 marks the beginning of time when acquired assets are subject to the constructive trust. The FTC opposes the request, arguing that Murkin could have but failed to raise the argument before the Court rendered judgment. Moreover, the FTC argues that Defendants have not established a manifest error of law or fact underlying the Final Judgment, or any other exceptional circumstances barring Defendants from adequate redress.

Murkin's claim that he was not aware that 2004 would be a relevant date until the Court entered the Final Judgment is disingenuous. Provisions of the TRO (Doc. #13) and the Preliminary Injunction (Doc. #70) provided such notice. The TRO recites that "[a]n asset freeze as to the Defendants is necessary in order to preserve the possibility

6

of complete and meaningful relief in the form of consumer redress and/or disgorgement at the conclusion of this litigation." (Doc. #13 at 3). Thus, Defendants were well aware that the assets would be encumbered if Plaintiff were to prove liability. The Preliminary Injunction's notice to asset holders advised that the order applied to

> any financial or brokerage institution, any business entity, or any other person having possession, custody, or control of any records of any of the Defendants, or of any account, safe deposit box, or other Asset titled in the name of any of the Defendants, either individually or jointly or held for the benefit of any of the Defendants, or which has maintained any such account, safe deposit box, or other Asset at any time since January 1, 2004.

(Doc. #70 at 6). Defendants did not mention this annuity in either of their motions to release assets from the asset freeze (Doc. #s 36, 98), where they could have argued that it was unrelated to the conduct the FTC alleged. The argument does not warrant relief under Rule 59(e) or 60(b)(6).

### E. Constructive Trust

Defendants' last argument is that the Final Judgment should be modified to remove the remedy of a constructive trust. They assert that they had no notice that such a remedy might be imposed, which constitutes a deprivation of due process. They also argue that Murkin will be denied certain assets that he otherwise would have retained as exempt property in his pending bankruptcy. The FTC urges the Court to reject the argument as too late and as lacking support.

The constructive trust theory did not first appear in the Final Judgment. The FTC argued in favor of a constructive trust in its opposition to Murkin's most recent motion to release certain items of property from the asset freeze (Doc. #103), which was filed well before the summary judgment briefing. Defendants responded and addressed the issue (Doc. #108 at 5) ("Plaintiff's position that the Defendants never had title to their

7

assets to which the IRS recorded lien could have attached is based on inapplicable state law and based in the mistaken belief that there is an issue of fraud presented in this case."). More to the point, Defendants have not articulated any reason that a constructive trust should not have been imposed, nor do they offer legal support for their argument.

## IV. CONCLUSION

Defendants have failed to meet the demanding standard necessary to obtain relief under Rules 59(e) and 60(b)(6) of the Federal Rules of Civil Procedure. Accordingly, the Court hereby **DENIES** Defendants' Motion to Set Aside or, in the Alternative, to Modify the Final Judgment and Order Granting Permanent Injunction.

**IT IS SO ORDERED.**


Date:  July 28, 2011                                     **/S/ Fernando J. Gaitan, Jr.**
Kansas City, Missouri                                   Fernando J. Gaitan, Jr.
                                                                            Chief United States District Judge